IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-11-CV-1492-O-BD |
| TEXAS WORKFORCE COMMISSION | § § | |
| Defendant. | § § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Kesha Terry against the Texas Workforce Commision ("TWC") and four of its employees. On July 6, 2011, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on August 4, 2011. The court now determines that this case should be summarily dismissed.

II.

As best the court can decipher her complaint and interrogatory answers, plaintiff, an African-American female, appears to allege that she was discriminated against and defamed by four TWC employees during their investigation of a housing complaint filed by plaintiff after she was evicted from her apartment. (*See* Plf. Compl. at 1).[1] According to plaintiff, a TWC investigator and three supervisors relied on false information and rejected her complaint because plaintiff refused to sign a "plea deal agreement in conciliation" and would not waive her right to sue the apartment complex. (*See* Mag. J. Interrog. #1, 2). Plaintiff alleges that the investigator, Kathleen Davis, defamed her by falsely stating that a window in the apartment was broken rather than boarded up, and discriminated against her on the basis of race by indicating that "if she was the complex she would have boarded us up to [sic] . . ." (*See* Plf. Compl. at 1; Mag. J. Interrog. #1(c), 2(c), 4). By this lawsuit, plaintiff seeks $250 million in damages from the TWC and the individual defendants.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

---

[1] A separate federal civil rights action challenging that eviction is currently pending before another judge in this district. *Terry v. Inocencio*, No. 3-11-CV-0660-K-BK. (*See* Mag. J. Interrog. #5).

enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that the TWC, an arm or instrumentality of the State of Texas, cannot be sued for money damages in federal court absent a waiver of Eleventh Amendment immunity. *See Jones v. Performance Service Integrity*, 492 F.Supp.2d 590, 597 (N.D. Tex. 2007), citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10, 105 L.Ed.2d 45 (1989) (holding that TWC is a state agency entitled to Eleventh Amendment immunity). Although Texas has waived immunity for certain tort claims, *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021 & 104.002, there is no indication that the state has waived sovereign immunity for federal discrimination claims or tort claims such as defamation. *Id.* at 598; *see also Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981) (neither section 1981 nor section 1983 abrogates Eleventh Amendment immunity); *Cyprow v. Texas Dept. of Public Safety*, No. H-07-3045, 2009 WL 1743826 at *14-15 (S.D. Tex. Jun. 17, 2009), *aff'd*, 371 Fed.Appx. 522, 2010 WL 1182282 (5th Cir. Mar. 26, 2010) (same). Therefore, plaintiff cannot sue the TWC for money damages.

C.

Plaintiff's claims against the individual defendants are barred by limitations. In Texas, a federal civil rights action is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of [her] complaint." *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987). The statute of limitations for defamation is one year. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a). Generally, a cause of action for defamation accrues on the day the allegedly defamatory remarks are printed or spoken. *See Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 636 (Tex. App. -- Houston [1st Dist.] 2002, no pet.).

When asked when she became aware of the actions of defendants, plaintiff responded, "February or March 2009." (*See* Mag. J. Interrog. #1(g)). That time period coincides with the date plaintiff received the final TWC report rejecting her housing discrimination claim. (*See* Mag. J. Interrog. #1(b), 1(f), 1(g)). Yet plaintiff did not file this lawsuit until July 6, 2011 -- more than *28 months* after the alleged discriminatory conduct occurred and the alleged defamatory statements were made. That plaintiff may have complained about the TWC investigation since that time does not extend the limitations period. It is clear from the face of the pleadings that these claims are time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE